USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: _9/22/2023_

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------X

ROBERT C. WIRTH,  :
:
:
                                   Plaintiff,  :
            -against-  :            22-CV-10809 (VEC)
:
:            OPINION & ORDER
LEONES H. DOMERSON; GEICO  :
ADVANTAGE INSURANCE COMPANY; and  :
GOVERNMENT EMPLOYEES INSURANCE  :
COMPANY,  :
:
                                   Defendants.  :

------------------------------------------------------------X

VALERIE CAPRONI, United States District Judge:

On December 22, 2022, Plaintiff Robert C. Wirth ("Plaintiff") commenced this diversity

action asserting a claim for negligence against Defendant Leones H. Domerson, the alleged

driver of a vehicle that struck Plaintiff on December 29, 2019.  *See* Compl. ¶ 14, Dkt. 1.  On

February 5, 2023, Plaintiff amended the complaint to name Geico Advantage Insurance

Company and Government Employees Insurance Company (hereinafter, the "GEICO

Defendants" or "GEICO") as defendants.  *See* First Am. Compl. (the "FAC"), Dkt. 8.  The

operative complaint is now the Third Amended Complaint ("TAC").  Dkt. 33.[1]  The TAC

asserts a claim for negligence against Domerson and seeks a declaratory judgment and breach-

---

[1]        On March 13, 2023, the GEICO Defendants moved to dismiss the FAC.  Dkt. 24.  Per the Court's March
16, 2023, Endorsement, Plaintiff's deadline to amend or oppose was April 3, 2023.  *See* Endorsement, Dkt. 28.  On
March 28, 2023, Plaintiff filed a Second Amended Complaint (the "SAC"), Dkts. 31, 32, which added allegations
specific to the GEICO Defendants, *see* Dkt. 31-1 (redline version).  Then, on April 3, 2023, before Defendants'
response deadline to the Second Amended Complaint, without leave of Court, Plaintiff filed the TAC.  *See* Dkt. 33;
*see also* Endorsement, Dkt. 42.  On April 17, 2023, the GEICO Defendants moved to dismiss the TAC.  *See* Dkt. 36.
On May 2, 2023, the Undersigned granted Plaintiff's request for leave to file the TAC *nunc pro tunc* to April 3,
2023.  *See* Dkt. 42.  All discovery has been stayed pending resolution of the instant Motion.  *See* Order, Dkt. 46.

of-contract damages against the GEICO Defendants, all in relation to the injuries Plaintiff sustained on December 29, 2019.

On April 17, 2023, the "GEICO Defendants moved to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) (the "Motion"). *See* Def. Mot., Dkt. 36.[2]  For the following reasons, the Motion is DENIED.

## BACKGROUND[3]

On December 29, 2019, Plaintiff, a resident of New Hampshire, was crossing the street in New York City when he was struck and seriously injured by a vehicle allegedly owned and operated by Defendant Domerson.  TAC ¶¶ 1, 6–11.  On the date of the accident, GEICO insured Domerson's automobile, *id.* ¶ 22, and Plaintiff had "uninsured and/or underinsured motorist (UIM) coverage," also through GEICO, *id.* ¶ 24.[4]  Domerson was allegedly "underinsured and/or uninsured within the meaning of the GEICO policy or policies issued to [P]laintiff."  *Id.* ¶ 27. Plaintiff's UIM policy (hereinafter, the "Policy") contained a three-year "Statute of Limitations" on claims.  *See id.* ¶¶ 40–42; Ex. G at 20.[5]  Plaintiff's policy also had a "Choice of Law"

---

[2]    Domerson, the individual Defendant and alleged driver of the vehicle that struck Plaintiff, has not moved to dismiss; Domerson answered the TAC on April 18, 2023.  *See* Dkt. 39.

[3]    The facts are based on the allegations contained in the TAC.  The Court accepts all well-pled, non-conclusory factual allegations as true and draws all reasonable inferences in the light most favorable to Plaintiff. *Gibbons v. Malone*, 703 F.3d 595, 599 (2d Cir. 2013).

[4]    The TAC refers collectively to the GEICO Defendants as "GEICO," making it unclear which affiliated entity is alleged to have provided insurance to whom at the time of the accident.  *See* TAC ¶ 3 (referring to both insurance companies "collectively" as "GEICO"); *see id.* ¶ 22 (alleging that "GEICO, either directly or through one of its corporate affiliates or subsidiaries, issued a policy of insurance to the defendant Domerson"); *id.* ¶ 24 (alleging that "GEICO, either directly or through one of its corporate affiliates or subsidiaries, issued one or more policy or policies of insurance including uninsured and/or underinsured motorist coverage" to Plaintiff).  For clarity, the Court will continue to refer to both Defendants collectively as GEICO or the GEICO Defendants.

[5]    All exhibits referenced herein are appended to the TAC at docket entry 33.  The Policy, Ex. G, appears to contain multiple paginations.  For clarity, the Court will reference the ECF page number of the Policy as it appears in the PDF document.

provision, which states that the Policy is "to be interpreted pursuant to the laws of the state of New Hampshire." Ex. G at 22.

On December 22, 2022, the day he filed this lawsuit against Domerson, Plaintiff "timely and duly made a claim" to GEICO for UIM benefits under Plaintiff's insurance policy. TAC ¶ 28; *see also* Ex. A. On December 27 and 29, 2022, Plaintiff notified GEICO of his lawsuit against Domerson. *See id.* ¶¶ 30–31; Exs. B–C. In a letter dated February 2, 2023, the GEICO Defendants reserved their rights to deny Plaintiff's claim due to the Policy's three-year "Statute of Limitations Condition," which "requires that any claim for damages caused by an uninsured auto . . . be brought by lawsuit within three years of the date of the accident." *Id.* ¶ 34; Ex. F. Thereafter, Plaintiff amended the complaint and added GEICO as direct defendants. *See* FAC.[6] On March 13, 2023, the GEICO Defendants moved to dismiss the FAC. Dkt. 24; *supra* n.1.

On March 28, 2023, Plaintiff filed a Second Amended Complaint, Dkts. 31, 32, which added allegations specific to the GEICO Defendants and restyled the Second Cause of Action as one for Declaratory Judgment, *see* Dkt. 31-1 (redline version) (the "SAC"). Then, on April 3, 2023, without the Court's leave and two weeks before Defendants' deadline to respond to the SAC, Plaintiff filed the TAC, which added a cause of action against the GEICO Defendants for breach of contract. *See* Dkt. 33; *see also* Endorsement, Dkt. 42.[7] The TAC seeks a declaratory judgment (Count Two) that the GEICO Defendants "must withdraw [their] reservation of rights letter" and "may not disclaim coverage" on the basis that Plaintiff's lawsuit was out of time under the period proscribed by the Policy, TAC ¶¶ 42–43; and damages for breach of contract (Count Three) for "Under/Uninsured Benefits," *id.* ¶¶ 44–46.

---

[6]     At the time Plaintiff filed the FAC, no Defendant had appeared in the case.

[7]     Under Rule 15, Plaintiff was not entitled to amend the complaint as of right at that time. Given Rule 15's demand that courts freely grant leave to amend, and given the absence of any prejudice to Defendants, the Court granted leave to file the TAC *nunc pro tunc* to April 3, 2023. *See* Dkt. 42.

On April 17, 2023, the GEICO Defendants moved to dismiss the TAC under Fed. R. Civ. P. 12(b)(6) for failure to abide by the Policy's three-year "statute of limitations," and alternatively, for failure to state a claim.  *See* Def. Mem., Dkt. 38.  Plaintiff opposed the Motion. Pl. Opp., Dkt. 40.

For the following reasons, the Motion to Dismiss is DENIED.

## DISCUSSION

### I.    Standard of Review

To survive a motion to dismiss under Rule 12(b)(6), "a complaint must allege sufficient facts, taken as true, to state a plausible claim for relief." *Johnson v. Priceline.com, Inc.*, 711 F.3d 271, 275 (2d Cir. 2013) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555–56 (2007)).  "[A] complaint does not need to contain detailed or elaborate factual allegations, but only allegations sufficient to raise an entitlement to relief above the speculative level." *Keiler v. Harlequin Enters., Ltd.*, 751 F.3d 64, 70 (2d Cir. 2014) (citation omitted).  The Court is not required, however, to credit "mere conclusory statements" or "threadbare recitals of the elements of a cause of action." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 555). Although the Court is generally confined to "the four corners of the complaint" and must "look only to the allegations contained therein," *Perez v. Westchester Foreign Autos, Inc.*, 2013 WL 749497, at *5 (S.D.N.Y. Feb. 28, 2013) (citing *Roth v. Jennings*, 489 F.3d 499, 509 (2d Cir. 2007)), it may consider materials attached to the complaint or incorporated by reference, documents in Plaintiff's possession or of which Plaintiff had knowledge and relied on in bringing suit, as well as matters appropriate for judicial notice, *DiFolco v. MSNBC Cable L.L.C.*, 622 F.3d 104, 111 (2d Cir. 2010); *Chambers v. Time Warner, Inc.*, 282 F.3d 147, 152–53 (2d Cir. 2002).

## II.     Analysis

The GEICO Defendants argue that Plaintiff's complaint is out of time: the Policy contained a valid and enforceable three-year deadline for Plaintiff to bring a suit for benefits, which he purportedly failed to do.  Def. Mem. at 10.  Even if he had, Defendants argue that Plaintiff has failed to state a claim because he "fail[ed] to plead the conditions precedent to suit for a declaratory judgment, under/un-insured benefits and breach of contract," because, *inter alia*, the TAC failed to "set forth" the "terms of the GEICO policies" or allege that the "limits of liability of all bodily injury liability bonds or insurance policies applicable at the time of the accident have been exhausted by payment of judgments or settlements."  *Id.* at 13 (citing *Garcia v. State Farm Ins. Co.*, 232 A.D.2d 488, 489 (2d Dep't 1996)).

Plaintiff responds that the "statute of limitations" in the Policy was tolled by the Governor of New York's Executive Order related to the COVID-19 pandemic.  Pl. Opp. at 3–5. Plaintiff also argues that the TAC relates back to the filing of the original complaint against Domerson, which was filed within the three-year period, and, if not tolled, that the time limit is unenforceable.  *Id.* at 5–8.  Finally, and alternatively, even if the time limit in the Policy was not tolled and is valid and enforceable, Plaintiff argues that the Policy language only requires that Plaintiff commence a lawsuit within three years for damages; it does not require Plaintiff to commence a lawsuit for benefits against the GEICO Defendants within that timeframe.  *Id.* at 7– 8.

### A.      The TAC Relates Back to the Original Complaint[8]

Plaintiff's Policy contains the following "Statute of Limitations": "Any claim for damages caused by an uninsured auto . . . must be brought by lawsuit within three years of the date of the accident."  Ex. G at 20.  The parties do not dispute that Plaintiff filed his complaint for negligence against the driver on December 22, 2022, less than three years from the date of the accident.  *See* Dkt. 1.  The GEICO Defendants argue, however, that to be eligible for benefits under the Policy, Plaintiff needed to have brought a lawsuit *against GEICO* within three years of the date of the accident.  *See* Def. Mem. at 10.  Because the accident occurred on December 29, 2019, and Plaintiff did not name the GEICO Defendants as party defendants until he filed the FAC on February 5, 2023, Defendants argue that Plaintiff's claim for benefits is time-barred, and the TAC should be dismissed.  *Id.*

Assuming, without deciding, that the limitations period in the Policy is valid, enforceable, and required that the claim be brought against the GEICO Defendants (and not just the uninsured driver) within three years of the date of the accident, the TAC was nonetheless timely because it relates back to the complaint filed on December 22, 2022.

Under Federal Rule of Civil Procedure 15(c), an amended pleading that adds a party defendant "relates back to the date of the original pleading" when "the party to be brought in by amendment . . . knew or should have known that the action would have been brought against it but for a mistake concerning the proper party's identity."  Fed. R. Civ. P. 15(c)(1)(C)(ii).  The overarching purpose of Rule 15 is "to provide maximum opportunity for each claim to be

---

[8]      Although the parties briefed the issue of relation-back under both federal and state law, case law in this Circuit suggests that "federal law applies to relation back issues in federal court diversity cases." *Lucchesi v. Experian Info. Sols., Inc.*, 226 F.R.D.172, 174 n.3 (S.D.N.Y. 2005) (citing *Ingram v. Kumar*, 585 F.2d 566, 570 n.5 (2d Cir.1978)); *see also Hanna v. Plumer*, 380 U.S. 460, 471 (1965) ("When a situation is covered by one of the Federal Rules, the question facing the court is a far cry from the typical, relatively unguided *Erie* choice: the court has been instructed to apply the Federal Rule[.]").

decided on its merits rather than on procedural technicalities," *Slayton v. Am. Express Co.*, 460 F.3d 215, 228 (2d Cir. 2006); it also aims "to prevent parties against whom claims are made from taking unjust advantage of otherwise inconsequential pleading errors to sustain a limitations defense," *Advanced Magnetics, Inc. v. Bayfront Partners, Inc.*, 106 F.3d 11, 19 (2d Cir. 1997) (quoting Fed. R. Civ. P. 15 Advisory Committee Note 1991).

As relevant here, Rule 15(c) allows relation-back when:

> (A) the law that provides the applicable statute of limitations allows relation back;[9]
>
> (B) the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out — or attempted to be set out — in the original pleading; or
>
> (C) the amendment changes the party or the naming of the party against whom a claim is asserted, if Rule 15(c)(1)(B) is satisfied and if . . . the party to be brought in by amendment:
>
>> (i) received such notice of the action that it will not be prejudiced in defending on the merits; and
>>
>> (ii) knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity.

Fed. R. Civ. P. 15(c)(1).

Plaintiff's initial complaint alleged that Domerson negligently operated a vehicle and "failed to yield the right of way" to Plaintiff, a pedestrian. *See* Compl. ¶ 14. The FAC, filed on February 5, 2023, added the GEICO Defendants and alleged, *inter alia*, that Plaintiff "sustained serious injuries" and economic loss as defined in Sections 5102(d) and 5104 of New York

---

[9]     "A federal court sitting in diversity applies the forum state's statute of limitations." *Hughes v. Equity Office Props. Tr.*, 245 F. App'x 88, 89 (2d Cir. 2007) (citation omitted) (summary order). Under New York law, breach-of-contract actions for failure to pay an insurance claim are subject to a six-year statute of limitations. N.Y. C.P.L.R. § 213; *Santiago v. 1370 Broadway Assocs., L.P.*, 695 N.Y.S.2d 326, 327 (1st Dep't 1999). GEICO argues that the Policy's limitations period permissibly halved New York's statute of limitations. Def. Mem. at 8–9. The Court assumes, without deciding, that the three-year period proscribed in the Policy is valid and enforceable, and, therefore, Rule 15(c)(1)(A) does not apply because the applicable statute of limitations here has been reasonably limited by the Policy.

Insurance Law, that the GEICO Defendants provided Plaintiff with UIM coverage, which was in effect on the date of the accident, and that Plaintiff "in all relevant respects complied" with the provisions of his Policy.  FAC ¶¶ 19–32.  The FAC demanded judgment from GEICO "in the amount of the policy limit of $1,000,000.00."  *Id.* ¶ 33.  On March 28, 2023, after Defendants moved to dismiss the FAC, Plaintiff filed the SAC, which reformulated the Second Cause of Action in the FAC as one for Declaratory Judgment; it also included allegations that Domerson was covered under a GEICO insurance policy that was in effect on the date of the accident, and further alleged the ways in which Plaintiff satisfied all preconditions of his Policy to be entitled to relief.  *See* SAC ¶¶ 26–35.  On April 3, 2023, Plaintiff filed the TAC, which added the Third Cause of Action against the GEICO Defendants for breach of contract and for UIM benefits.  *See* TAC ¶¶ 44–46.

Defendants argue that Plaintiff's amended complaints do not arise out of the same transaction or occurrence as the complaint against Domerson for negligence.  *See* Def. Reply at 3, Dkt. 44.  There is simply no question that Plaintiff's claims against the GEICO Defendants for declaratory judgment in the FAC and SAC, and his additional claim for UIM benefits and breach-of-contract damages in the TAC, all arise out of the same transaction or occurrence as his cause of action against Domerson for negligence: the December 29, 2019 accident in which Domerson, driving a motor vehicle that was insured (or, allegedly, underinsured) by GEICO, struck Plaintiff, who was also insured by GEICO.  Accordingly, Rule 15(c)(1)(B) is satisfied.

Rule 15(c)(1)(C) is also satisfied.  Although the GEICO Defendants argue that "[t]here is no way that [they] knew or should have known that the action would have been brought against them," Def. Mem. at 12, that argument is simply not plausible.  On December 22, 2022, the day he filed the original complaint, Plaintiff filed a claim for UIM benefits with GEICO, which included the police report naming Domerson — a GEICO insured — as the alleged underinsured

driver.[10]  *See* TAC ¶¶ 28–29; Ex. A.  Before the expiration of the Policy's limitations period, Plaintiff twice served Defendants with a copy of the summons and complaint against Domerson: first on December 27, 2022, in connection with Plaintiff's claim for UIM benefits, *see* TAC ¶ 30; Ex. B, and then on December 29, 2022 (presumably in connection with his claim for benefits under Domerson's policy), *see* TAC ¶ 31; Ex. C.  The latter notice included a copy of the Court's Notice of Initial Pretrial Conference and a request from Plaintiff that GEICO waive service of process, *see id.*  On January 4, 2023, one week after the three-year deadline, in connection with Plaintiff's claim for UIM benefits, Plaintiff sent Defendants a third copy of the summons and complaint.  *See* TAC ¶¶ 32–33; Exs. D–E.  Then, well within the 90-day time limit set by Fed. R. Civ. P. 4(m) for serving a complaint, Plaintiff filed the FAC naming the GEICO Defendants as parties.  It can hardly be said, then, that Defendants did not "receive[] such notice of the action that it will not be prejudiced in defending on the merits."  Fed. R. Civ. P. 15(c)(1)(C)(i).

Defendants argue that Plaintiff has not demonstrated that he made a mistake in identity; instead, "while being aware of the terms of the insurance policy, [Plaintiff] chose not to commence suit against the GEICO Defendants in a timely fashion."  Def. Mem. at 12.  Because Plaintiff did not bring a claim for breach of contract or for benefits under his Policy until after the Policy's "statute of limitations" had elapsed, Defendants insist that "[t]here is no way that the GEICO defendants would ever know or should have known at that point that a tort action would have been brought against them."  *Id.*[11]

---

[10]    Defendants do not dispute that Domerson falls within the definition of an uninsured or underinsured driver under Plaintiff's UIM policy.

[11]    For what it is worth, under controlling New Hampshire law, lawsuits against an insurer for wrongful denial of benefits "sound strictly in contract rather than tort law."  *Lister v. Bankers Life & Cas. Co.*, 218 F. Supp. 2d 49, 53 (D. N.H. 2002).

For his part, Plaintiff suggests that the reason for failing to name the GEICO Defendants in the original complaint was twofold: first, the language of the contractual limitation period in the Policy requires only that a lawsuit "for damages" be commenced within three years; it does not specify that a lawsuit for benefits be commenced against the GEICO Defendants within that timeframe.  *See* Pl. Opp. at 7.  Second, and relatedly, Plaintiff argues that he could not have possibly interpreted the contractual limitation period to accrue on the date of the loss because the "Policy language itself requires, as a condition precedent, that [P]laintiff first obtain the consent of GEICO to any settlement with the carrier for the tortfeasor" before he can be entitled to benefits.  *See id.*  It was not until the GEICO Defendants' February 2, 2023 letter in which they reserved their rights to deny Plaintiff's UIM claim that he came to understand how GEICO interprets the Policy.  *See id.*[12]

A "mistake" under Rule 15(c)(3) "is not limited to cases of misnomer, or to a specific type of misidentification; 'rather, it is concerned fundamentally with the new party's awareness that failure to join it was error rather than a deliberate strategy.'"  *In re re Randall's Island Fam. Golf Ctrs.*, 2002 WL 31496229, at *3 (Bankr. S.D.N.Y. Nov. 8, 2002) (quoting *In re Integrated Res. Real Estate Ltd. P'ships Sec. Litig.*, 815 F. Supp. 620, 644 (S.D.N.Y. 1993)).  In that sense, relation-back also "encompasses mistakes resulting from negligence and carelessness."  *Id.*; *see also Soto v. Brooklyn Corr. Facility*, 80 F.3d 34, 35–36 (2d Cir. 1996) (tracing Rule 15's "mistake" criterion to "several cases in which plaintiffs, unaware of the technical requirements of the law, mistakenly named institutional instead of individual defendants" and noting that Rule 15

---

[12] Plaintiff also argues that interpreting the Policy's limitation period to require Plaintiff to initiate a lawsuit against the GEICO Defendants within three years would contradict the Policy's arbitration provision.  *See* TAC at 7 n.1.  The Court notes, however, that the arbitration provision does not appear to *require* arbitration but instead provides that "the extent to which the insured is legally entitled to recover against an owner or operator of an uninsured auto (i.e., issues of liability); or the amount of damages sustained by the insured . . . *may* be arbitrated." Ex. G at 18 (emphasis added).

"was expressly intended to preserve legitimate suits despite such mistakes of law at the pleading stage"); *see also Cabrera v. Lawlor*, 252 F.R.D. 120, 122–23 (D. Conn. 2008) (same).

Although it is a close call, the Court finds that Plaintiff made a "mistake" within the meaning of Rule 15.  The record is clear that Plaintiff did not make a deliberate, tactical decision not to name the GEICO Defendants in the original complaint.  Plaintiff amended the complaint shortly after receiving Defendants' reservation of rights letter that relied on the limitations period in the Policy to reserve their rights to deny Plaintiff's UIM benefits claim.  Plaintiff also argues that, in any event, the Policy's terms precluded him from filing a suit for benefits until he had formally exhausted the primary insurance liability coverage.  Pl. Opp. at 6.  The GEICO Defendants do not dispute Plaintiff's explanation for the mistake except to argue that Plaintiff's rationale regarding exhaustion of his underlying coverage is "unfounded because the lawsuit could [have been] stayed pending resolution of the tortfeasor action without undue expense." Def. Reply at 7.  That may be true, but Defendants' argument does nothing to show that the GEICO Defendants, who were notified of the lawsuit against Domerson on the day that Plaintiff filed his claim for UIM benefits, and twice thereafter before the three-year deadline, believed that Plaintiff had knowingly and intentionally decided not to file suit against them.  *See Kahn v. Chase Manhattan Bank, N.A.*, 1995 WL 491067, at *3 (S.D.N.Y. Aug. 17, 1995) ("When a court determines whether to allow relation back of claims . . . , the court must focus on the notice to the defendant of the additional claims within the limitations period, and the existence of mistake in the original pleading.").

In short, the Court finds that Plaintiff has met his burden of demonstrating that the requirements for relation-back under Rule 15 have been satisfied.

Even if the Court were to apply New York's relation-back rules, which track the federal rules, it would reach the same conclusion.  New York law allows a claim against a newly added

defendant to relate back when "(1) both claims arose out of same conduct, transaction or occurrence, (2) the new party is 'united in interest' with the original defendant, and by reason of that relationship can be charged with such notice of the institution of the action that he will not be prejudiced in maintaining his defense on the merits and (3) the new party knew or should have known that, but for [a] mistake by plaintiff as to the identity of the proper parties, the action would have been brought against him as well." *Buran v. Coupal*, 87 N.Y.2d 173, 178 (1995) (citation omitted). The GEICO Defendants insist that relation-back under New York law fails because Plaintiff has not provided any proof that they are "united in interest" with Domerson, except for the "mere allegation that Domerson is also insured by another separate GEICO entity." Def. Reply at 3–4. That position is entirely baseless — Plaintiff specifically identified the policy number of Domerson's GEICO coverage, TAC ¶ 22, an allegation that the GEICO Defendants have not refuted.

In short, the Court finds that the TAC relates back to the original complaint and was, therefore, timely brought within the Policy's three-year limitations period. Accordingly, Defendants' motion to dismiss on that basis is DENIED.

## B.     The TAC Adequately States a Claim for Declaratory Judgment and Breach of Contract

Defendants argue that even if the TAC relates back to the original complaint, Plaintiff nonetheless has failed to state a claim because he failed to "plead the conditions precedent to suit

for a declaratory judgment, [sic] under/uninsured benefits[,] and breach of contract." Def. Mem. at 13. Defendants' arguments are not persuasive.[13]

Defendants claim that the TAC is deficient in the following ways: it "does not allege that there has been any breach of the contract/policies between the parties"; "[n]one of the terms of the GEICO policies have been set forth" in the TAC; and it does not allege "that the limits of liability of all bodily injury liability bonds or insurance policies applicable at the time of the accident have been exhausted by payment of judgments or settlements." Def. Mem. at 13. Defendants also argue, "[u]pon information and belief," that Plaintiff has underinsured coverage through a separate carrier that "has not been named as a defendant," and Plaintiff has failed to "state what the terms of that policy are." *Id.* Because Plaintiff failed to allege "[a]ll of these conditions precedent," including that "Domerson's policy limits are insufficient to compensate [P]laintiff for his injuries," Defendants argue that he has failed to state a claim upon which relief may be granted. *Id.*

As an initial matter, the TAC "set forth" the "terms of the GEICO policies" insofar as it included a copy of Plaintiff's UIM Policy as an exhibit, which the Court may consider on a motion to dismiss. *See* Ex. A; *Chambers*, 282 F.3d at 153 (on a motion to dismiss, courts may consider "documents attached to the complaint as an exhibit or incorporated in it by reference"). Defendants have not challenged the authenticity of the policy that Plaintiff attached.

---

[13]   Remarkably, Plaintiff entirely ignored Defendants' failure-to-state-a-claim arguments. Instead, Plaintiff chose to rely almost entirely on the TAC, devoting his eight-page opposition brief to insisting that the Policy's "Statute of Limitations" was tolled under the Governor's Executive Order and that the "Statute of Limitations" Provision is unenforceable — both patently losing arguments. *See generally* Pl. Opp. Nonetheless, "automatic dismissal is not merited" when a plaintiff fails to oppose a motion to dismiss for failure to state a claim. *Evans v. Aramark Food*, 2016 WL 1746060, at *2 (S.D.N.Y. Apr. 28, 2016). Rather, courts must evaluate "the sufficiency of [the] complaint . . . based on [their] own reading of the pleading and knowledge of the law." *Id.* (quoting *McCall v. Pataki*, 232 F.3d 321, 322–23 (2d Cir. 2000)).

The TAC further alleges the following: that on December 29, 2019, Plaintiff was struck by a motor vehicle owned and operated by Domerson, TAC ¶¶ 6–9; that the GEICO Defendants "either directly or through one of [GEICO's] corporate affiliates or subsidiaries[] issued a policy of insurance" to Domerson "under Policy Number 4508229798," which was in effect on the date of the accident, *id.* ¶ 22; that the GEICO Defendants also provided Plaintiff "UIM bodily injury coverage in the amount of $500,000 under Policy Number 4016-17-16-80 (the "Policy"), plus umbrella coverage of up to $1,000,000 under Policy Number P5017521," both of which were in effect on the date of the accident, *id.* ¶¶ 24–25; that Domerson was uninsured or underinsured as defined by Plaintiff's Policy, *id.* ¶ 27; that Plaintiff "timely and duly made a claim to GEICO under the UIM provisions of the GEICO policy or policies," and initiated a lawsuit for damages against Domerson on December 22, 2022, *id.* ¶¶ 28–29; that Plaintiff notified the GEICO Defendants of the lawsuit against Domerson on December 27 and 29, 2022, *id.* ¶¶ 30–31; and that, by letter dated February 2, 2023, the GEICO Defendants reserved their right to deny Plaintiff's UIM claim, *id.* ¶ 34.  Finally, the TAC alleges that the GEICO Defendants "repudiated [their] contractual obligations . . . by: [] refusing to honor properly [sic] adjust [P]laintiff's claims for personal injuries under the terms of the underinsured/uninsured motorist benefits coverage of his policy with GEICO." *Id.* ¶ 45.[14]

At this stage, the Court finds that Plaintiff has adequately alleged a claim for breach-of-contract by alleging that the GEICO Defendants repudiated the contract when they refused to "honor" or "adjust" his UIM claim for benefits, and similarly, that he is entitled to declaratory relief that his UIM claim cannot be denied on the basis that he failed to comply with the Policy's

---

[14]     The TAC also alleges that the GEICO Defendants repudiated the contract by "declining to honor [P]laintiff's claims" based on "an inapplicable or unenforceable limitations period which GEICO itself made impossible to satisfy in an effort to nullify Plaintiff's claim," and by "filing a motion to dismiss herein seeking to dismiss [P]laintiff's lawsuit for 'failure to state a cause of action' where GEICO itself has forced [P]laintiff to bring this lawsuit and did not consent to it's [sic] being brought any earlier."  TAC ¶ 45.

limitations provision.  Defendants' argument that Plaintiff failed to allege conditions precedent is

meritless, as Defendants have failed to identify any provision in the Policy that requires Plaintiff

to show "that the limits of liability of all bodily injury liability bonds or insurance policies

applicable at the time of the accident have been exhausted by payment of judgments or

settlements" before being entitled to UIM benefits.[15]

Nor have Defendants identified any specific policy provision that requires Plaintiff to

exhaust any co-existing UIM coverage before being entitled to benefits under his UIM Policy

with the GEICO Defendants.  The Policy does, however, contemplate such a scenario: it

provides that if an insured has "other similar insurance available to him and applicable to the

accident, the damages will be deemed not to exceed the higher of the applicable limits of

liability" of either policy.  Ex. G at 19.  In that event, the GEICO Defendants "will not be liable

for more than [their] pro-rata share of the total coverage available."  *Id.*  In other words,

Plaintiff's exhaustion of any co-extensive insurance benefits is not a condition precedent for

recovery under the Policy with the GEICO Defendants — it may, however, reduce the amount of

recovery to which he is entitled.[16]

---

[15]    Nor could they: that requirement comes from New York Insurance Law § 3402(f)(2), which provides that, under New York law, "[a]s a condition precedent to the obligation of the insurer to pay under the supplementary uninsured/underinsured motorists insurance coverage, the limits of liability of all bodily injury liability bonds or insurance policies applicable at the time of the accident shall be exhausted by payment of judgments or settlements." N.Y. Ins. Law § 3420(f)(2)(A).  But Plaintiff's policy, as Defendants point out, is governed by New Hampshire law. Def. Mem. at 4.  Defendants do not cite any New Hampshire authority for their position that Plaintiff has failed to state a breach-of-contract claim under New Hampshire law.

[16]    Interestingly, the Policy required that Plaintiff notify the GEICO Defendants "as soon as possible after the accident."  Ex. G at 20; *see also* Ex. F at. 3.  Defendants do not contend that failure to notify them promptly of the accident — which Plaintiff allegedly did not do until nearly three years later on December 22, 2022 — is a basis for dismissing the TAC for failure to adequately plead that condition precedent.  For his part, Plaintiff asserted when filing his claim that "[a]ny delay in reporting this claim was due to the disability of the Claimant."  *See* Ex. A at 1. Finally, although the GEICO Defendants do not make this argument, Plaintiff clearly satisfied the condition in the Policy that he first obtain consent from GEICO "to settle with the insurer of an underinsured motorist."  *See* Ex. G at 18; Ex. F (GEICO's reservation of rights letter noting that Plaintiff "previously requested permission to settle with the at-fault party").

In sum, the Court finds that the TAC adequately states a claim for breach of contract and declaratory judgment.

## CONCLUSION

For the foregoing reasons, Defendants' Motion to Dismiss is DENIED.  The Clerk of Court is respectfully directed to close the open motion at docket entry 36.

The parties must appear for an initial pretrial conference on **Friday, October 20, 2023 at 10:00 A.M.** in Courtroom 443 of the Thurgood Marshall Courthouse at 40 Foley Square, New York, New York, 10017.  The parties' joint letter and proposed Case Management Plan are due no later than **October 12, 2023**.  For contents of the joint letter, please refer to docket entry 7.

**SO ORDERED.**

**Date:   September 22, 2023**
       **New York, New York**

**VALERIE CAPRONI**
**United States District Judge**

16